■ C. TANISHA BURT, Respondent, v STATE OF NEW YORK, Appellant. (Claim No. 116197.) (Appeal No. 2.) [31 NYS3d 912]—Appeal from a judgment of the Court of Claims (Michael E. Hudson, J.), entered November 6, 2014. The interlocutory judgment apportioned liability and ordered a trial on the issue of damages.

It is hereby ordered that the judgment so appealed from is unanimously affirmed without costs for reasons stated in the decision at the Court of Claims. Present—Peradotto, J.P., Carni, Lindley, Curran and Troutman, JJ.

■ GDH CONSTRUCTION INC., Appellant, v MARK A. GUGINO et al., Respondents, et al., Defendants. [31 NYS3d 912]—Appeal from an order of the Supreme Court, Chautauqua County (Deborah A. Chimes, J.), entered January 9, 2015. The order granted the motion of defendants Mark A. Gugino and Linda M. Gugino for summary judgment dismissing the complaint.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: In this mortgage foreclosure action, plaintiff appeals from an order that granted the motion of Mark A. Gugino and Linda M. Gugino (defendants) for summary judgment dismissing the complaint. Plaintiff contends that defendants' motion should have been denied as premature pursuant to CPLR 3212 (f) because further discovery was necessary. We reject that contention. Because the note and mortgage were a nullity "the discovery sought would [not] produce evidence sufficient to defeat the motion" (*Resetarits Constr. Corp. v Elizabeth Pierce Olmstead, M.D. Center for the Visually Impaired* [appeal No. 2], 118 AD3d 1454, 1456 [2014]). Plaintiff's contention that defendants' motion should be denied on equitable grounds is raised for the first time on appeal and thus is not properly before us (*see Ciesinski v Town of Aurora*, 202 AD2d 984, 985 [1994]). Present—Peradotto, J.P., Carni, Lindley, Curran and Troutman, JJ.